IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AYOADE ADENYINKA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1971-K |
| | § | |
| LOWE'S COMPANIES, INC. AND | § | |
| LOWE'S HOME CENTERS, LLC, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERTS**

Defendants Lowe's Companies, Inc. and Lowe's Home Centers, LLC (collectively, "Defendants" or "Lowe's") filed a motion to exclude Plaintiff Ayoade Adenyinka's experts and to strike their opinions. *See* Dkt. No. 53.

United States District Judge Ed Kinkeade has referred Defendants' motion to exclude or strike to the undersigned United States magistrate judge for determination. *See* Dkt. No. 62. Adenyinka responded, *see* Dkt. No. 74, and Defendants replied, *see* Dkt. No. 75.

For the reasons below, the Court GRANTS Defendants' motion to exclude Plaintiff's experts [Dkt. No. 53].

## Background

Adenyinka filed this lawsuit against Lowe's alleging that a Lowe's employee failed to clean up, or place warning cones around, a liquid spill in a Lowe's store, causing Adenyinka to fall to the ground and suffer injuries. *See* Dkt. No. 12.

The case originated in state court, but Lowe's removed the matter to the Northern District of Texas on July 29, 2025. *See id.*

The court entered a scheduling order on September 9, 2025, which provided that: "Plaintiff and defendant shall file a written designation of the name and address of each expert witness who will testify at trial and shall otherwise comply with Fed. R. Civ. P. 26(a)(2) on or before February 27, 2026." Dkt. No. 18 at 2. Later, the parties agreed to extend the expert deadline to May 15, 2026, and the court entered an order effectuating that agreement. *See* Dkt. No. 30.

On May 15, 2026, Adenyinka designated three expert witnesses: Russel Kendior, Melissa Eiselt, and Edmond Provder. *See* Dkt. No. 53, at 2. Adenyinka did not provide expert reports for Mr. Kendior or Ms. Eiselt until May 29, 2026, two weeks after the deadline of May 15. *See id.* To date, Adenyinka has not provided an expert report for Mr. Provder and did not mention him in his Response to Lowe's motion to exclude. *See id.*; Dkt. No. 74.

Adenyinka attributed the two-week delay to "a clerical error—likely caused by [his counsel's] main practice being in state court" and stated that "the deadline was calendared as a 'designation' deadline and not a deadline to produce reports." Dkt. No. 74 at 1.

## Legal Standards

Under Federal Rule of Civil Procedure 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence

under Federal Rule of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2)(A). Under Federal Rule of Civil Procedure 26(a)(2)(B):

> [u]nless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B).

And Federal Rule of Civil Procedure 37(c)(1) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Rule 37(c)(1) sanctions are "intended to 'provide a strong inducement for disclosure of material that the disclosing party would expect to use as evidence . . . at trial.'" *Rios v. Texas Christian Univ.*, 348 F.R.D. 606, 609 (N.D. Tex. 2025) (quoting FED. R. CIV. P. 37(c)(1) at advisory comm.'s note to 1993 amend.). In other words, the rule is designed to "prevent an ambush, resulting in surprise, or prejudice, of undisclosed or late disclosed evidence." *Id.* (quoting *Graham v. El Paso Cnty.*, 2022 WL 1112822, at *2 (W.D. Tex. Jan. 12, 2022)).

In evaluating whether a violation of Rule 26 is harmless, the court examines "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Certain Underwriters at Lloyd's, London v. Axon Pressure Products Inc.*, 951 F.3d 248, 270 (5th Cir. 2020) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). "The court considers the four-factor test holistically. It does not mechanically count the number of factors that favor each side." *Fuller v. CIG Fin., LLC*, No. 3:22-cv-1289-D, 2023 WL 8482889, at *2-3 (N.D. Tex. Dec. 7, 2023) (cleaned up).

The disclosing party bears the burden of proving that the failure to timely disclose was substantially justified or harmless. *See Lopez v. Fun Eats and Drinks, LLC*, No. 3:18-cv1091-X, 2021 WL 3502361, at *4 (N.D. Tex. July 16, 2021); *Coleman v. Chevron Phillips Chem. Co. LP*, NO. CV H-23-350, 2024 WL 460248, at *9 (S.D. Tex. Feb. 6, 2024); *Fuller*, 2023 WL 8482889, at *3.

**Analysis**

Lowe's argues that Adenyinka's three experts, Russel Kendior, Melissa Eiselt, and Edmond Provder, should be excluded and that their testimonies should be stricken from the record. *See* Dkt. No. 53 at 1. Adenyinka does not dispute the delayed filings for Mr. Kendior and Ms. Eiselt or the failure to file a report for Mr. Provder. *See* Dkt. No. 74. Rather, Adenyinka contends that his failure is substantially justified and harmless because it was "due to a clerical error—likely caused by [his counsel's]

main practice being in state court" and that "the deadline was calendared as a 'designation' deadline and not a deadline to produce reports." *Id.* at 1 (cleaned up).

Adenyinka further contends that leave should be granted under Federal Rule of Civil Procedure 16(b)(4) to late designate Mr. Kendior and Ms. Eiselt after the deadline because the explanation for failure to produce reports is adequate, the testimony is important, Lowe's is not prejudiced by the late disclosures, and a continuance is available. *See id.* at 2.

Lowe's disagrees with Adenyinka's characterization of all four Rule 26 factors and reiterates that Rule 26(e) permits supplementation of incomplete disclosures but "is not a mechanism to remedy a complete failure to provide an expert report by the disclosure deadline." *See* Dkt. No. 53 at 5 (discussing *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996)).

**A. Expert Report of Edmond Provder**

Adenyinka does not dispute that he failed to produce a report for Mr. Provder. He also does not argue for the importance of Mr. Provder's testimony or that he will suffer prejudice without it, and the Court will not make these arguments for him.

The Court agrees with Lowe's that Plaintiff's "failure to produce a report for Mr. Provder [or to] argue that Mr. Provder's testimony is important" provides an independent reason to grant Lowe's request to exclude Mr. Provder from testifying. *See* Dkt. No. 75 at 1.

Because Lowe's carried its burden of showing that Adenyinka failed to make timely disclosures under Federal Rule of Civil Procedure 26(a)(2)(B), the burden

shifted to Adenyinka to show that the delay was substantially justified or harmless. *Rios*, 348 F.R.D. at 609; *accord Lopez v. Fun Eats & Drinks, LLC*, 2021 WL 3502361, at *4 (N.D. Tex 2021).

But, Adenyinka does not offer a reason for the failure to disclose an expert report for Mr. Provder. *See* Dkt. Nos. 74 & 75 at 1. So, he fails to carry the burden of showing substantial justification or harmlessness. *See Harmon v. Georgia Guld Lace Charles L.L.C.*, 476 Fed. App'x. 31, 37 (5th Cir. 2012) (affirming district court's grant of motion to exclude when appellants "are unable to provide an adequate explanation for their failure to provide a timely expert report when the necessary information was entirely under their own control"); *accord Rios*, 348 F.R.D. at 609-11.

Accordingly, the Court GRANTS Lowe's motion to exclude and strike [Dkt. No. 53] as to Edmond Provder.

## B. Expert Reports of Russel Kendior and Melissa Eiselt

Adenyinka characterizes his failure to timely produce expert reports for Mr. Kendior and Ms. Eiselt as "clerical error[s] … likely caused by [his counsel's] main practice being in state court." Dkt. No. 74 at 1. He asks the Court to grant him leave to late designate the experts, which asks the Court to revive an expired deadline established under Federal Rule of Civil Procedure 16(b)(4). But such "a pretrial schedule may be modified 'only for good cause.'" *Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019) (quoting Fed. R. Civ. P. 16(b)(4)).

To meet this standard, parties must show that, despite their diligence, they could not reasonably have met the deadlines in the scheduling order. *See S&W*

*Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) ("To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." (cleaned up)); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." (cleaned up)); *cf. Puig v. Citibank, N.A.*, 514 F. App'x 483, 488 (5th Cir. 2013) (per curiam) ("[T]o determine whether the district court abused its discretion in finding no good cause to modify its scheduling order, we look to the [party's] diligence in [obtaining compliance] within the scheduling order's timeline.").

While the Court considers four factors to determine whether to modify a scheduling order, *see S&W Enters.*, 315 F.3d at 536; *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990), Rule 16(b)(4)'s "good cause standard requires the party seeking relief to [first] show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. Failure to meet that threshold is a sufficient reason to" deny the requested extension – or, as applied here, to revive an expired deadline, *Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024) (cleaned up; quoting *S&W Enters.*, 315 F.3d at 535).

A "[l]ack of knowledge regarding the law or civil procedure, whether by litigants or their counsel, does not constitute good cause to amend a scheduling

order," as Adenyinka asks of this Court now. *Standifer v. Tom Thumb Store*, 2023 WL 12107830, at *2 (N.D. Tex 2023) (*quoting Conceal City, L.L.C. v. Loper Enf't, LLC*, 2013 WL 5786281, at *4 (N.D. Tex. 2013)); Dkt. No. 74 at 5. The parties negotiated an extension for the expert witness deadlines and that the agreed order specifically directed the parties to "compl[y] with Fed. R. Civ. P. 26(a)(2)." Dkt. No. 29-1 at 1.

Failure to calendar a disclosure deadline is not an adequate explanation for failure to comply with discovery deadlines, and the Fifth Circuit "take[s] seriously this lack of explanation." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007); *accord Geiserman*, 893 F.2d at 791 ("scheduling mistake in counsel's office [] is not the type of satisfactory explanation for which relief may be granted"); *Rios*, 348 F.R.D. at 611 (explanations completely within the disclosing party's control are "woefully inadequate" to justify failure to comply); *Standifer*, 2023 WL 12107830, at *2 (claim that disclosing party "misunderstood the language of the Court's scheduling order" is a "derisory justification" that does not justify untimeliness); *Hanan v. Crete Carrier Corp.*, 2020 WL 1692952, at *3 (N.D. Tex 2020) (claim that the "untimely disclosure was unintentional" is not adequate explanation for noncompliance).

And Adenyinka's argument that the post-deadline expert reports were authorized "supplements" under Federal Rule of Civil Procedure 26(e), *see* Dkt. No. 74 at 2, does not excuse noncompliance with Rule 26(a) because "the purpose of supplementary disclosures is just that—to *supplement*," and "such disclosures are *not* intended to provide an extension of the expert designation and report production deadline." *Harmon*, 476 F. App'x. at 36 (emphasis in original). And, Adenyinka

concedes that while he designated his experts by the May 15 deadline, he did not provide expert reports until two weeks after the deadline had expired, on May 29. *See* Dkt. No. 74 at 2.

And, so, Adenyinka fails to adequately explain his failure to comply with the disclosure deadline.

The first factor weighs in favor of excluding and striking Mr. Kendior and Ms. Eiselt's reports.

As to the second factor, Mr. Kendior and Ms. Eiselt are important to the case because they help establish the breach and injury elements of Adenyinka's negligence claim. *See* Dkt. No. 74 at 3-4. Mr. Kendior is "a liability expert retained to explain the industry standard and Lowe's deviation from [it]." *Id.* at 4. Ms. Eiselt is "a billing expert retained to testify as to the reasonable and customary charge" for Adenyinka's alleged loss that flowed from the injury. *Id.* at 3-4. Adenyinka argues that including both witnesses would prevent undue delay and expense. *Id.*

Lowe's does not deny the importance of Mr. Kendior and Ms. Eiselt but emphasizes that "the importance of expert testimony does not excuse a party's failure to comply with Rule 26." Dkt. No. 53 at 6.

Even if the second factor weighs in favor of denying Defendants' motion to exclude, importance is not dispositive when the other three factors weigh in favor of granting the motion to exclude. *See Harmon*, 476 F. App'x. at 39; *Betzel*, 480 F.3d at 707-08 (quoting *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996)) (holding that importance alone does not justify granting continuance when other

factors weigh in favor of exclusion because "the claimed importance of Plaintiff's expert testimony merely underscores the need for Plaintiffs to have complied with the court's deadlines.") And Adenyinka concedes that he can call witnesses to testify to the same facts that Mr. Kendior and Ms. Eiselt would have, *see* Dkt. No. 74 at 3-4, which undermines the importance of those witnesses. And, so, the second factor does not weigh for or against exclusion.

As to the third factor, Adenyinka argues Lowe's will not be prejudiced by the two-week delayed disclosure. *See* Dkt. No. 74 at 5. Lowe's disagrees and argues that it has "suffered substantial prejudice as a result of Adenyinka's untimely and incomplete disclosures." Dkt. No. 53 at 6. Specifically, Lowe's points out that the delay "deprived [it] of the opportunity to evaluate the experts' opinions, analyze the methodologies underlying those opinions, retain and prepare rebuttal reports, and allow [Adenyinka] to evaluate [Lowe's] timely designation and reports prior to having his expert finalize their reports." *Id.*

Here, the scheduling order set a discovery deadline of June 20, 2026, *see* Dkt. No. 18, and Adenyinka provided expert reports on May 29, 2026, *see* Dkt. No. 74 at 2, two weeks after the May 15 expert designation deadline.

A party's failure to comply with scheduling order deadlines "disrupts the court's dockets and opponent's preparation and is thus prejudicial." *Stewart v. Gruber*, 2020 WL 8643633, at *5 (5th Cir. 2023). District courts have broad discretion "to control pretrial discovery and sanction a party's failure to follow a scheduling order," and may exclude expert witnesses even when the degree of prejudice shown

is not great. *See id.* (quoting *1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1289 (5th Cir. 1991)).

And, Lowe's is prejudiced by the late disclosure because it "ha[s] been deprived of an opportunity to depose [the witnesses], to file *Daubert* challenges, and to rebut the late witnesses with their own experts." *Betzel*, 480 F.3d at 708.

This Court rejects Adenyinka's position that "there has been no prejudice to [Lowe's]," Dkt. No. 74 at 5, and adopts the reasoning of other similarly situated courts, *see Harmon*, 476 F. App'x. at 37 (finding prejudice when "no usable information" was included in first expert report); *Geiserman*, 893 F.2d at 791 (late disclosure disrupts "the court's discovery schedule and the opponent's preparation); *Wright v. Blythe-Nelson*, 2001 WL 804529, at *5 (N.D. Tex. 2001) (finding prejudice when late disclosure forces a party to "engage in the process of deposing and/or challenging [expert witnesses], conducting any necessary additional factual discovery, and developing expert testimony of their own, at a time when they are otherwise preparing for trial).

And, so, the third factor weighs in favor of granting Lowe's motion to exclude.

As to the fourth factor, Lowe's argues that "a continuance would not cure the prejudice" and would "reward [Adenyinka's] disregard of the Court's scheduling deadlines." Dkt. No. 53 at 7.

The court has broad discretion in deciding whether to grant a continuance and finds that the "first and third factors militate against permitting [Kendior and Eiselt's] testimony," which weighs in favor of granting defendants' motion to exclude.

*Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883-84 (5th Cir. 2004); *accord Rios*, 348 F.R.D. at 611. Because the trial court "need[s] to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance." *Hamburger*, 361 F.3d at 884.

In this case, the trial court's orders demonstrate its desire to manage its docket and resolve the dispute quickly. *See* Dkt. No. 30 (declining to extend discovery deadline without showing of "good cause"); *see also* Dkt. No. 32 (emphasizing that "<u>the mediation deadline will NOT be extended again</u>"). And while a continuance "would likely cure any prejudice to [Lowe's]," this Court finds that the weight of the first and third factors and the trial court's ability to manage its docket for a case that has been pending for more than a year justify declining to continue the case. *See Rios*, 348 F.R.D. at 611; *accord Hamburger*, 361 F.3d at 884.

**Conclusion**

The Court GRANTS Defendants' Motion to Exclude Plaintiff's Experts Russell Kendior, Melissa Eiselt, and Edmond Provder or Strike Opinions [Dkt. No. 53].

SO ORDERED.

DATE: October 28, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE